UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIGDIO TORRES ROBLES,<br><br>  Plaintiff,<br><br>  v.<br><br>DISTRICT ATTORNEYS OFFICE, et al.,<br><br>  Defendants. | Case No.: 1:13-cv-01177 - LJO - JLT<br><br>FINDINGS AND RECOMMENDATION DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(Docs. 1, 2) |

Emigdio Torres Robles ("Plaintiff") seeks to proceed *pro se* and in forma pauperis with an action for a violation of civil rights pursuant to 42 U.S.C. § 1983 against the District Attorney's Office, Lisa Green, and two Kern County Sheriff deputies (collectively, "Defendants"). (Doc. 1). For the following reasons, the Court recommends Plaintiff's motion to proceed in forma pauperis (Doc. 2) be **DENIED** and the complaint be **DISMISSED** without leave to amend.

I. **MOTION TO PROCEED IN FORMA PAUPERIS**

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). The Court may authorize the initiation of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Thus, an action may proceed despite a failure to prepay the filing fee only if leave to proceed in forma pauperis is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).

The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an informa pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)). In addition, the Court has broad discretion to grant or deny a motion to proceed IFP. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller, 314 F.2d at 600-01*. In making a determination, the court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984).

Here, the Court recommends Plaintiff's application to proceed be denied because, as discussed below, Plaintiff's complaint fails to state a meritorious claim upon which relief may be granted. *See* 28 U.S.C.§ 1915(e)(2).

## II.  SCREENING REQUIREMENT

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and identify "cognizable claims." *See* 28 U.S.C § 1915(a)-(b). The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.  PLEADING STANDARDS

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The

purpose of the complaint is to give the defendant fair notice and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 566 U.S. at 678 (citations omitted). If factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**IV.    DISCUSSION AND ANALYSIS**

Plaintiff asserts that he is suing for the emotional distress caused to his mother, father, and nephews. (Doc. 1 at 3, 8). Plaintiff alleges he was arrested in their presence on June 1, 2013. *Id.* at 6. According to Plaintiff, he saw panic on the faces of his mother and nephews, and his mother screamed. *Id.* He asserts his father "could have gone into another heart attack from the emotional distress." *Id.* at 8. In addition, after Plaintiff's arrest, his mother "had to go to the hospital to get a shot for her migraine headaches." *Id.* at 7. Plaintiff asserts his arrest "could have caused her to have a heart attack and die from the stress in which the officers put her through." *Id.* at 8. Further, he believes the distress "made her vision get bad." *Id.* a 9. In conclusion, Plaintiff reiterates, "I'm suing for my mothers, fathers &

nephews [sic] emotional distress." *Id*. at 8.

### A. Plaintiff lacks the authority to assert claims on behalf of others

A plaintiff may represent only himself in litigation; he is not permitted to represent others. *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962). Though Plaintiff he may appear in propria persona in his own behalf (28 U.S.C. § 1654), that privilege is personal to him. He has no authority to appear as an attorney for others than himself. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966).

Here, Plaintiff makes it quite clear that he has filed this lawsuit to recover damages for family members who became distressed after observing his arrest after he hid himself from the police in a garage on the family members' property. (Doc. 1 at 3, 8). He does not seek personal recovery. However, Plaintiff is prohibited from pursuing relief for others and the matter must be **DISMISSED**.

### B. Emotional Distress

A claim for intentional infliction of emotional distress requires Plaintiff plead: (1) outrageous conduct by the defendants, (2) who intended to cause or recklessly disregarded the probability of causing emotional distress, (3) and the defendants' actions were the actual and proximate cause (4) of **Plaintiff's** severe emotional suffering. *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004) (emphasis added) (citing *Brooks v. United States*, 29 F.Supp.2d 613, 617 (N.D. Cal. 1998)). Outrageous conduct is demonstrated when a "defendant's conduct was 'so extreme as to exceed all bounds of that usually tolerated in a civilized society.'" *Van Horn v. Hornbeak*, 2009 U.S. Dist. LEXIS 16134, at *8 (E.D. Cal. Feb. 18, 2009) (quoting *Ricard v. Pacific Indemnity Co.*, 132 Cal.App.3d 886, 895, 183 Cal. Rptr. 502 (1982)). Here, Plaintiff has failed to link the Defendants to any outrageous conduct, and has not alleged facts which show a specific intent to cause emotional distress. Most significantly, Plaintiff does not assert the defendants caused him emotional distress, but rather seeks to state a claim on behalf of others. Accordingly, Plaintiff has failed to state a cognizable claim emotional distress.

### C. Prosecutorial Immunity

Though naming the Kern County District Attorney and that office, Plaintiff fails to set forth any allegations of wrongdoing by D.A. Green or any member of her staff. Thus, the complaint must be **DISMISSED.**

Moreover, prosecutors are absolutely immunity for acts taken in connection with the prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 424–430 (1976). If prosecutors were subject to liability under 42 U.S.C. § 1983, such a threat would undermine the prosecutor's ability to perform his or her duties in enforcing criminal law. *Imbler*, 409 U.S. at 424–425. Here, there are no allegations any prosecutor took any action that was not connected with Plaintiff's prosecution.  Thus, prosecutorial immunity attaches and the matter must be **DISMISSED**.

V.     **FINDINGS AND RECOMMENDATIONS**

Because Plaintiff does not allege personal damages and seeks only to state claims on behalf of others, he has failed to state a cognizable claim for emotional distressed caused by the defendants. Moreover, even if Plaintiff sought to state a claim for emotional distress caused to him, Plaintiff failed to comply with the California Tort Claims Act.  Based upon these facts, it does not appear deficiencies can be cured by amendment.  Because leave to amend would be futile, Plaintiff should not be given leave to amend his complaint.  *See Lopez*, 203 F.3d at 1130 (requiring leave to be granted to the extent deficiencies can be cured by amendment).

Accordingly, **IT IS HEREBY RECOMMENDED**:

1.     Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**; and

2.     Plaintiff's complaint be **DISMISSED** without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 5, 2013**                         /s/ Jennifer L. Thurston
                                                            UNITED STATES MAGISTRATE JUDGE